Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADRIANNE RICE, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    ADRIANNE RICE
    108 7th Avenue, #2
    Long Branch, New Jersey 07740

    MIDLAND CREDIT MANAGEMENT, INC.
    2365 Northside Drive, Suite 300
    San Diego, California 92108

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, MIDLAND CREDIT MANAGEMENT, INC.

Page **1** of **16**

("MCM") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MCM maintains a location at 2365 Northside Drive, Suite 300, San Diego, California 92108.

8. MCM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. MCM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from MCM, in the form attached as Exhibit A, concerning a debt owned by ASSET ACCEPTANCE, LLC, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who

were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to March 7, 2019, Plaintiff allegedly incurred a financial obligation on a SPRINT WIRELESS account ("SPRINT").

19. The SPRINT obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the SPRINT obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The SPRINT obligation did not arise out of a transaction that was for non-personal use.

22. The SPRINT obligation did not arise out of a transaction that was for business use.

23. The SPRINT obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. SPRINT and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time in calendar year 2006 or earlier, the SPRINT obligation of the Plaintiff was purchased by and/or sold to ASSET ACCEPTANCE, LLC ("ASSET ACCEPTANCE").

26. At the time the SPRINT obligation was purchased by and/or sold to ASSET ACCEPTANCE the SPRINT obligation was past due.

27. At the time the SPRINT obligation was purchased by and/or sold to ASSET ACCEPTANCE the SPRINT obligation was in default pursuant to the terms of the agreements creating the obligations and/or by operation of law.

28. At some time in calendar year 2006 or earlier, the SPRINT obligation was referred to MCM for the purpose of collection.

29. At the time the SPRINT obligation was referred to MCM the SPRINT obligation was past due.

30. At the time the SPRINT obligation was referred to MCM the SPRINT obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

31. At some in calendar year 2006, MCM, through use of an attorney licensed in New Jersey, filed suit on behalf of ASSET ACCEPTANCE on the SPRINT obligation, in the Superior Court of New Jersey, Monmouth County, Special Civil Part, Docket No. DC-005729-06 ("COLLECTION LAWSUIT").

32. On or about June 14, 2006, MCM, through use of an attorney licensed in New Jersey, obtained a judgment against Plaintiff in the COLLECTION LAWSUIT.

33. The judgment amount obtained in the COLLECTION LAWSUIT included the STATUTORY ATTORNEY FEE assessed on the judgment.

34. The Attorney Fee assessed on the judgment was done so in accordance with N.J.S.A. 22A:2-42: "There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof." ("STATUTORY ATTORNEY FEE").

35. The STATUTORY ATTORNEY FEE is not owed to MCM or ASSET ACCEPTANCE nor is it the property of either of them. See Scioli v. Goldman & Warshaw, PC, 651 F.Supp. 2d 273 (D.N.J. 2009).

36. The STATUTORY ATTORNEY FEE is owed to and is the property of the creditor's attorney and not the creditor.

37. Defendant sought the STATUTORY ATTORNEY FEE on behalf of ASSET ACCEPTANCE.

38. Defendants caused to be delivered to Plaintiff a letter dated March 7, 2019, which was addressed to Plaintiff and sought a balance of $712.93.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

39. The March 7, 2019 letter was sent by MCM and not by any attorney.

40. The March 7, 2019 letter was not signed by an attorney with MCM.

41. No attorney at MCM reviewed the Plaintiff's account or any supporting documentation prior to the March 26, 2019 letter being sent to Plaintiff.

42. No attorney at MCM exercised independent judgment or authorized the use of the letter prior to the March 26, 2019 letter being sent to Plaintiff.

43. The March 7, 2019 letter was sent to Plaintiff in connection with the collection of the judgment obtained on the SPRINT obligation.

44. The March 7, 2019 letter offers to resolve or settle the Sprint judgment at least 4 separate times.

45. The March 7, 2019 letter advises Plaintiff to resolve the debt to avoid further legal action at least twice.

46. The March 7, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

47. Upon receipt, Plaintiff read the March 7, 2019 letter.

48. The March 7, 2019 letter stated in part:

> Resolve your debt with a discount today
>
> …
>
> Resolve this debt for only $641.64!
>
> …
>
> You have been pre-approved for a discount program designed to resolve your Legal Collections account without any further legal action.
>
> **THIS IS A LIMITED TIME OFFER**

> Call **(866) 300-8750** by **03/29/2019** to take advantage of the discounts below.

49. The March 7, 2019 letter also stated in part:



50. In addition, the March 7, 2019 letter stated in part:

> We want to resolve this debt without ay further legal action, please call one of our Account Managers at (866) 300-8750. When calling us to discuss your account or make a payment, please use the Legal Collections number on the back of this letter.
>
> Important Information Regarding Your Account
>
> For details regarding the account that comprises your current balance, please see the 'Additional Information' section on the back of this letter.
>
> When your account has been paid, and if data related to your account is still being furnished to the consumer reporting agencies, a request will be made of the three major consumer reporting agencies to report the Asset Acceptance, LLC trade line related to the above referenced account as paid.

51. On the reverse side of the March 7, 2019 letter, it stated in part:

Your Midland Credit Management, Inc. Legal Collection number is listed below. When calling us to discuss your account, please reference Legal Collection account number.

*The Current Balance Due may reflect a lower amount owed than settlement amount due to recent payments received and applied to your account.

| Legal Collections Account Number | Original Creditor | Original Creditor Account Number | Midland Account Number | Account Balance |
|---|---|---|---|---|
| 14-51060 | SPRINT | XXXXXX9285 | XXXX9413 | $712.93 |

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

…

The offer to settle these account(s) for the discount(s) offered in this letter remains open until 03/29/2019. For further information, please call one of our Account Managers at (866) 300-8750.

52. The time period that items can remain on a person's credit history is limited by 15 U.S.C. § 1681c.

53. Pursuant to 15 U.S.C. § 1681c et seq., the time period is generally limited to 7 years ("7 year reporting period").

54. The 7 year reporting period allowed by 15 U.S.C. § 1681c et seq. on the SPRINT obligation expired before March 7, 2019.

55. The March 7, 2019 letter implied that the SPRINT obligation could still be reported to the three major credit reporting agencies by MCM and/or ASSET ACCEPTANCE as of March 7, 2019.

56. If MCM was not still furnishing information to the credit bureaus concerning the Plaintiff's SPRINT obligation, then it should have not implied that it still could supply such information.

57. A lawyer who has not reviewed the file, made appropriate inquiry, and exercised professional judgment has engaged in an incompetent and grossly negligent practice of law in violation of RPC 1.1(a). A lawyer who permits office staff, or a client, to send collection letters when the lawyer has not individually reviewed the file, made appropriate inquiry, and exercised professional judgment, is assisting in unauthorized practice of law in violation of RPC 5.5(a)(2) and

engaging in deceitful conduct in violation of RPC 8.4(c)." See ADVISORY COMMITTEE ON PROFESSIONAL ETHICS JOINT OPINION, Debt Collection Practices, Reaffirming UPLC Opinion 8 and ACPE Opinions 259 and 506 (5/31/12).

58. It is a crime to engage in the unauthorized practice of law in New Jersey. See N.J.S.A. 2C:21-22.

59. MCM's conduct and actions, as described herein, constitute the unauthorized practice of law.

60. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See Chulsky v. Hudson Law Offices, P.C., 777 F.Supp.2d 823 (D.N.J. 2011).

61. Although MCM stated that the 2 settlement options presented in the March 7, 2019 letter were limited time offers which expired after March 29, 2019, MCM or ASSET ACCEPTANCE would have accepted Plaintiff's payment towards at least one of the offers presented after the deadline.

62. MCM knew or should have known that its actions violated the FDCPA.

63. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

64. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Making a false representation of the character or legal status of the debt;

Case 3:19-cv-21420-BRM-LHG   Document 1   Filed 12/17/19   Page 12 of 16 PageID: 12

  (c) Using any false representation or deceptive means to collect or attempt to collect any debt;

  (d) Making a false representation or implication that any individual is an attorney or that any communication is from an attorney; and

  (e) Threatening to take an action that cannot legally be taken or that is not intended to be taken.

65. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

66. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

67. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

68. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

69. The March 7, 2019 letter would cause the least sophisticated consumer to believe that the obligation was still being reported to a credit bureau.

70. The March 7, 2019 letter would cause the least sophisticated consumer to believe that an attorney was meaningfully involved in the collection of the judgment.

71. Defendants' letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(2)(B) ; § 1692e(3); § 1692e(5) and § 1692(10).

Page **12** of **16**

72. Defendants' improper demand for a STATUTORY ATTORNEY FEE violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(2)(B); § 1692e(3); § 1692e(5); and § 1692e(10).

73. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

74. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

75. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that it may have reported information regarding the SPRINT obligation to a credit bureau up to and through March 7, 2019.

76. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that it would continue to report other information regarding the SPRINT obligation to a credit bureau.

77. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

78. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

79. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

80. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the debt as being time-sensitive.

81. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt as being time-sensitive.

82. 15 U.S.C. § 1692e(2)(B) of the FDCPA prohibits the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

83. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(2)(B).

84. 15 U.S.C. § 1692e(3) of the FDCPA prohibits false representations or implications that any individual is an attorney or that any communication is from an attorney.

85. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(3).

86. Defendant falsely represented or implied that an attorney was meaningfully involved in the collection of the debt.

87. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

88. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(5).

89. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

90. Defendants' conduct as described herein constitutes false representation or deceptive means to collect or attempt to collect any debt.

91. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

92. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

93. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

94. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

95. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

96. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 17, 2019          Respectfully submitted,

By:     *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 17, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff